* John MARSHALL, Sr., Special Judge,
delivered the opinion of the Court.
This caso is again before the Court for the purpose of adjusting the equities of the parties, which have grown out of the Will of Isaac Franklin; deceased, the decisions of the Courts made upon it, and the execution of the Will.
The disruption of the scheme of the Will by the decision of the Supreme Court of Louisiana, declaring that all devises of immoveable property, situate in that State, to the charity, held to be valid by this Court, are void, and the- execution of the Will, upon its own scheme, for a number of years, have made the questions embarrassing.
The Court is, however, much aided by the able report of R,. J. Meigs, Esq., made under its former decree. It is unquestionably true, that the charity created by the testator, in his Will, can take no benefit whatever, from the immoveable property situate in the State of Louisiana, neither directly, by way of gift, nor indirectly, on the principle of marshaling assets.
*639 By the law of Louisiana, the testator iras competent to dispose of one-third of his immoveable property, situate in that State, to any lawful purpose, or to impose on it, lawful burdens, at his discretion.
The gift of this one-third to the charity, was an unlawful purpose, and was, therefore, void.
By the Will, the testator subjects the whole of his immoveable property in Louisiana, to the payment, by its revenues or income of certain specified objects, viz: debts, ameliorations, legacies and expenditures, which have no connection with charity, and are lawful. This disposal, exceeding the quantum that the testator might legally dispose of, is not void, but is reducible to that “quantum:” La. Code, Article 1489. The charge on the revenues of the disposable portion of his immoveable property in Louisiana, is a valid one.
The burden of paying the pecuniary legacies in the 7th section of the Will, is imposed exclusively on the revenues of this immoveable property.
The Will charges these revenues with the payment of his debts, and all other expenditures contemplated by his Will; and also charges the income of the property given to the charity, with the payment of the same debts and expenditures, with this exception — that the widow should have the benefit of the Eairview property during her widowhood. Until these burdens should be removed by the revenues of the immoveable property, and the income of the property devised to the charity, the property devised to the charity, was to remain in the hands of his Executors, and be under their control, and the income applied to said burdens. With this exception, that Eairview property, during the *640 time of the widow’s usufruct thereof, should pay nothing towards said burdens.
The testator subjects the revenues of his immoveable property to the payment of said burdens during the same time, and contemplates the possibility that this time might extend beyond the majority or marriage of his unborn children.
The trustees of the charity are-' not entitled to the possession of the corpus of the property devised to them, until these purposes are accomplished, and the .disposable portion of said immovable property is liable to contribute its entire revenues .during the same time; not in aid of, or to release the charitable bequest, upon any equitable principle, but by force of the testamentary disposition.
There is no charge in the Will upon the corpus of the testator’s property to meet the burdens of his Will. But, on principles of equity, controlling the administration of assets in such cases, it is held, in this case, that the moveable property of the estate, locate in the State of Louisiana, is subject to the payment of the costs and expenses of executing said Will in Louisiana, and in Tennessee and elsewhere, and to said burdens.
As .between the heirs of Isaac Franklin, deceased, and the trustees of the charity, the $30,00& paid by the latter to Mrs. Franklin for her usufruct of the Fairview property under the Will, will not be considered one of the burdens of the Will.
Mrs. Acklin will be entitled to a lien on said revenues and income," for the payment of any balance that may be due to her on her legacy of $100,000.
The heirs of Isaac Franklin, deceased, will be en *641 titled to tbe benefit of any payments that may have been made from the revenues of the immovable property, beyond the entire revenues of the disposable portion thereof.
The heirs will be held accountable for the revenues of the disposable portion, and the trustees held accountable for the income of the charity property, until Mrs. Acklin shall have been paid her legacy, and until the two accounting parties shall have their rights adjusted and satisfied on the principles of this opinion.
Proper accounts will be ordered, to enable the Court to decree such adjustment and satisfaction.